```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF PENNSYLVANIA
```

CHRISTOPHER JAMES          :
DeSAVAGE,
                           :
          Plaintiff,       :    Civ. A. NO. 3:09-cv-01204

     v.                    :       (MUNLEY, D.J.)
                                   (MANNION, M.J.)
                           :
BRENDA GROVE, *et al.*,
                           :
          Defendants.
                           :

## REPORT AND RECOMMENDATION[1]

In the instant action, the plaintiff, incarcerated at State Correctional Institution–Huntingdon, Pennsylvania, filed, *pro se*, a Section 1983 civil rights action against Brenda Grove, a prison kitchen steward, and against other prison system officers connected to the alleged injury and to the administrative grievance process plaintiff pursued prior to bringing this action. The thrust of the complaint, (Doc. No.1), is that Brenda Grove, a prison kitchen steward, removed plaintiff from his prison kitchen job without any "rational reason." *Id*. at 5.

On preliminary review, having considered plaintiff's filings, constitutional law, statutory law (including 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1)), case law, and for the reasons elaborated below, the Court recommends that the suit be dismissed with prejudice.

**ANALYSIS**

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

It appears that plaintiff's action is a due process claim. Assuming, as stated in the complaint, that plaintiff's kitchen position was taken away from him in violation of Department of Correction procedures and even absent cause, no procedural due process claim is stated. There is no indication that the state failed to provide a grievance process. Plaintiff admits that it did. There is no indication of any unfairness in regard to how that process was conducted, although plaintiff believes it reached the wrong result. But even if the state provided no process at all, or even if plaintiff had been denied access to that process, or even if having provided access to a process, the state's process was substantially flawed, plaintiff's allegations fail to state a claim. There is no allegation that his loss of his kitchen job was inflicted as a punishment for wrongful conduct. Federal case law establishes that procedural due process rights are triggered where punishment is imposed to sanction wrongful conduct, the factual basis of which is contested. Because plaintiff fails to allege that his loss of his kitchen position was imposed as a punishment, his claim fails. *See Wolff v. McDonnell*, 418 U.S. 539, 571 n.19 (1974) (holding that procedural due process concerns are triggered "as a hedge against arbitrary determination[s] of the factual predicate for imposition of [a] *sanction*") (emphasis added); *cf*. *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that a prisoner has no right against transfer).

To the extent that plaintiff is bringing a substantive due process claim, he must seek vindication of a constitutionally recognized liberty interest or concrete property interest. A violation of prison regulations in regard to prison jobs does not without more create such an interest. Likewise, a mere expectation is not compensable. It is well established that loss of prison employment is not compensable. *See Wilkins v. Bittenbender*, Civ. A. No.

04-2397, 2006 WL 860140, at *9 (M.D. Pa. Mar. 31, 2006) (Conaboy, J.) ("An inmate does not have a protected liberty or property interest in continued prison employment.").

**CONCLUSION**

On the basis of the foregoing, **IT IS RECOMMENDED THAT:** Plaintiff's suit be dismissed with prejudice.[2,]

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

Date: July 2, 2009
O:\shared\REPORTS\2009 Reports\09-1204-01.wpd

---

[2]Copies of unreported cases sited in this opinion are attached at the end.