# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER JAMES DESAVAGE,** | : | No. 3:09cv1204 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BRENDA GROVE,** | : | |
| **D. MACEACHERN,** | : | |
| **H. GLORIOSO,** | : | |
| **CONNIE GREEN,** | : | |
| **R.M. LAWLER,** | : | |
| **ZURYBIDA,** | : | |
| **TINA HICKS-KERN, and** | : | |
| **DORINA VARNER,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court are plaintiff's objections (Doc. 9) to the report and recommendation of Magistrate Judge Malachy E. Mannion (Doc. 6), which proposes that we dismiss the plaintiff's complaint with prejudice.

**Background**

This case arises out of plaintiff's employment while a prisoner at the Pennsylvania State Correctional Institution, Huntingdon. (See Complaint (Doc. 1) (hereinafter "Complt.")). Plaintiff alleges that on January 14, 2009 he began work in the bakery at the prison. (Id.). The "steward" temporarily in charge of the bakery on that day informed plaintiff that he would not be scheduled to work on Thursdays or Fridays. (Id.). As January 15, 2009 was a Thursday, plaintiff did not show up for

work. (Id.). When the regular steward, Brenda Grove, returned to work that day, she found plaintiff absent and arranged for him to be transferred out of the kitchen. (Id.). Grove ensured that plaintiff was transferred not just from the bakery, but back to a labor pod. (Id.). Plaintiff alleges that Grove had no valid reason to transfer him, but did so out of a discriminatory motive. (Id.).

Plaintiff wrote to his unit manager, managers in the food service department, and an employment manager to complain of this treatment. (Id.). One of the food service managers he wrote, Glorioso, responded by pointing out that plaintiff had no right to work. (Id.). Glorioso did not address plaintiff's discrimination claim at all. (Id.). Plaintiff filed a grievance on January 17, 2009, alleging discrimination. (Id.). Glorisio informed plaintiff that Brenda Grove had him removed from bakery duty because she felt uncomfortable around him. (Id.). Plaintiff disputes this explanation because he had worked around Grove for four years and she had never found his behavior offensive. (Id.). Glorioso denied plaintiff's grievance and he filed an appeal to Superintendent Lawler. (Id.).

At some time after filing this appeal, plaintiff's unit manager arranged for him to work in the prison laundry. (Id.). Plaintiff did not end up working in the laundry, however, but was soon transferred back to the kitchen. (Id.). While plaintiff did not return to the bakery, he still worked around the very staff member, Grove, who had earlier complained about his work. (Id.). Plaintiff filed another grievance based on this situation. (Id.). In the meantime, Superintendent Lawler denied plaintiff's

grievance, and plaintiff appealed that decision.  (Id.).  Major Hannah denied plaintiff's second grievance as plaintiff awaited the results of his first appeal, finding no evidence of discrimination.  (Id.).  The prison eventually denied this grievance as well.  (Id.).  Plaintiff appealed.  (Id.).  State prison administrators denied both grievances.  (Id.).  Plaintiff insists that favoritism in job assignments and unfair firings and job assignments continue under Brenda Grove's management.  (Id.).  Plaintiff contends that Grove's discrimination towards him comes because of the influence of Grove's favored inmates, who introduced "question or hatred towards homosexuals or outright hatred towards me."  (Id.).

Plaintiff's complaint, filed June 24, 2009, seeks action from the court to prevent the alleged discrimination he faces, as well as monetary damages against all of the named defendants.  In addition to his complaint, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP").  (Doc. 2).  After plaintiff filed his complaint, the magistrate judge provided an initial screening to determine whether plaintiff's motion to proceed IFP should be granted.  (Doc. 6).  The magistrate judge construed plaintiff's claims as founded in due process and concluded that the complaint should be dismissed.  Plaintiff had no property interest in particular prison employment, the magistrate judge found, and he thus had no due process claim.  Moreover, he does not allege that defendants' behavior constituted cruel and unusual punishment, and thus could not bring a claim on those grounds.  After the magistrate judge issued his report and recommendation, the plaintiff filed objections,

3

bringing the case to its present posture.

**Jurisdiction**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. This court therefore has jurisdiction pursuant to 18 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Under 28 U.S.C. § 1915(d), the court is permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). The court may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). Courts undertake such an evaluation before service of the complaint.

4

**Discussion**

Plaintiff objects to the magistrate judge's findings that he cannot make out either a due process or an equal protection claim. The court will address each objection in turn.

**Due Process**

Plaintiff insists that his job was taken from him in violation of prison regulations, thus alleging that the prison's actions violated his right to procedural due process. To prevail on this type of a due process claim, a plaintiff must satisfy two elements: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The magistrate judge concluded that plaintiff could not establish that the state had interfered with any liberty or property interest.

The property interest allegedly deprived here was plaintiff's interest in a particular prison job. Plaintiff argues that the magistrate judge erred in concluding that he lacks a property interest in that job. He insists that prison officials are limited in when they can remove a plaintiff from his job, and that he therefore has an entitlement to work in the bakery that qualifies as a property interest.

A prisoner seeking to raise a due process claim when deprived of prison employment must "have either a liberty or a property interest in" the job assignment.

James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989). The Third Circuit Court of Appeals has stated that "[w]e do not believe that an inmate's expectation of keeping a particular prison job amounts to a 'property' or 'liberty' interest entitled to protection under the due process clause." Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975). Since plaintiff's complaint here is that he was deprived of a particular prison job, he lacks a protected property or liberty interest in that job and cannot make out a due process claim. The court will overrule the objection on this point.

**Equal Protection**

Plaintiff contends as well that defendants violated his right to equal protection of the law under the Fourteenth Amendment by removing him from his position because he was a homosexual. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Clerburne v. Clerburne Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated." Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003).

Here, plaintiff has alleged that he lost his job because defendants discriminated against him on the basis of his sexual preference. He contends that other similarly situated people did not suffer the same treatment. Assuming that

6

plaintiff could prove such discrimination occurred and that the defendants' motivations for their actions could not survive the level of Fourteenth Amendment scrutiny required in such instances, plaintiff could prevail on this claim. As such, the court will decline to adopt the report and recommendation on this point and sustain the plaintiff's objection.

**Conclusion**

For the reasons stated above, the court will adopt the report and recommendation in part. The court will adopt the magistrate judge's recommendation that plaintiff's due process claim be dismissed. The court will not adopt the magistrate judge's recommendation that the plaintiff's entire claim be dismissed altogether, however. Plaintiff's equal protection claim is not frivolous, and the court will remand the case to the magistrate judge, grant the plaintiff's motion to proceed *in forma pauperis* and direct the magistrate judge to order service of the complaint on the defendants.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER JAMES DESAVAGE,** | : | No. 3:09cv1204 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | **(Magistrate Judge Mannion)** |
| | : | |
| **BRENDA GROVE,** | : | |
| **D. MACEACHERN,** | : | |
| **H. GLORIOSO,** | : | |
| **CONNIE GREEN,** | : | |
| **R.M. LAWLER,** | : | |
| **ZURYBIDA,** | : | |
| **TINA HICKS-KERN, and** | : | |
| **DORINA VARNER,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 6th day of August 2009, the plaintiff's objections (Doc. 9) to the report and recommendation of Magistrate Judge Malachy E. Mannion (Doc. 6) are **SUSTAINED IN PART** and **OVERRULED IN PART**, as follows:

1) The plaintiff's due process claims are **DISMISSED**;

2) The plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**;

3) The case is **REMANDED** to the magistrate judge for proceedings consistent with this opinion;

4) The magistrate judge is **DIRECTED** to order service of the complaint on the defendants.

8

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**